**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSA ESTEFANIE GARCIA-LINARES, | No.   18-72941 |
| Petitioner, | Agency No. A202-144-154 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2023[**]
San Francisco, California

Before:  FRIEDLAND, BADE, and KOH, Circuit Judges.

Petitioner Rosa Estefanie Garcia-Linares petitions for review of an order of

the Board of Immigration Appeals (BIA) dismissing her appeal from the decision

of an Immigration Judge (IJ) denying her application for asylum, withholding of

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture (CAT).[1]  We have jurisdiction under 8 U.S.C. § 1252.  We deny the petition for review in part and dismiss in part.

Garcia-Linares's claims for asylum and withholding of removal fail because the IJ reasonably discounted her testimony—the only evidence offered to support the requested relief—after concluding Garcia-Linares was not credible.  As the BIA noted, the inconsistencies in Garica-Linares's testimony cited by the IJ were "significant," and Garcia-Linares was unable to explain these inconsistencies despite being given the opportunity to do so.  On appeal, Garcia-Linares states that these inconsistencies were due to her "nervous state," an argument that was considered and fairly rejected by the IJ.  Because substantial evidence supports the adverse credibility finding, and because Garcia-Linares offers no other evidence in support of her claims for asylum and withholding of removal, these claims were properly rejected.[2]  *See, e.g.*, *Yali Wang v. Sessions*, 861 F.3d 1003, 1007, 1009

---

[1] The BIA concluded that Garcia-Linares waived any challenge to the IJ's denial of her CAT claim by failing to present any substantive argument in support of this claim in her appeal to the BIA.  Therefore, she did not exhaust her CAT claim, and we lack jurisdiction to review it.  *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam); *see also Alanniz v. Barr*, 924 F.3d 1061, 1069 (9th Cir. 2019) (holding that review of the petitioner's brief to the BIA confirmed that he failed to argue he was entitled to CAT relief before the BIA, and thus the BIA properly found he did not challenge the IJ's CAT determination).

[2] The agency also rejected Garcia-Linares's claim for asylum on the alternate ground that she "did not establish that she was targeted on account of her membership" in any protected group.  We need not reach Garcia-Linares's

(9th Cir. 2017).

**PETITION DENIED IN PART AND DISMISSED IN PART.**

---

challenge to that finding because the agency's adverse credibility finding is dispositive.